# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES-DISTRICT 1199C TRAINING AND UPGRADING FUND AND CHERYL FELDMAN, et al. | CIVIL ACTION NO. 12-0379-JD |
| Plaintiffs | |
| v. | |
| CARRINGTON PLACE OF CHESTNUT HILL, LLC f/k/a SPRINGFIELD RESIDENCE | |
| and | |
| WYNDMOOR HILLS HEALTH CARE & REHAB CENTER f/k/a CHESTNUT HILL REHAB CENTER, LLC f/k/a MONTGOMERY REHAB CENTER | |
| Defendants | |

## ORDER AND CONSENT JUDGMENT

AND NOW, this 10th day of DECEMBER 2014, upon consideration of the Plaintiffs Pension Fund for Nursing Home and Health Care Employees – Philadelphia and Vicinity ("Pension Fund"), Sue O'Neill, Administrator, Philadelphia Hospital & Health Care – District 1199C Training and Upgrading Fund ("Training Fund"), Cheryl Feldman, Executive Director and District 1199C Legal Services Plan ("Legal Plan"), DeJuana Wiggins, Executive Director (collectively "Funds or "Plaintiffs") and Defendants Carrington Place of Chestnut Hill, LLC d/b/a Springfield Residence and Wyndmoor Hills Health Care & Rehab Center f/k/a Chestnut Hill Rehab Center, LLC f/k/a Montgomery Rehab Center (collectively "Employers" or "Defendants" stipulate and agree to entry of an Order and Consent Judgment, it is hereby ORDERED:

A TRUE COPY
DATED: FEB 20 2015
ATTEST: Steve Torres

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 2 of 11 PageID: 4
Case 2:12-cv-00379-JB   Document 40   Filed 12/11/14   Page 2 of 11
Case 2:12-cv-00379-JB   Document 38-1   Filed 12/10/14   Page 2 of 5

1. Judgment is hereby entered in favor of Plaintiffs and against the Defendants in the amount of $123,451.67 pursuant to 29 U.S.C. § 1132(g)(2) as itemized below:

(a) Contributions to the Funds in the amount of $100,667.48 comprised of the amount owed by Defendants for the period of July 1, 2011 to April 30, 2014;

(b) Interest accrued in the amount of $4,996.19 through July 15, 2014 on the contribution amounts set forth above as provided by 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621. The contribution amount set forth in Paragraph 1 shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B), and Settlement Agreement as from time to time amended, until the date of actual payment.

(c) Attorneys' fees and cost in the amount of $17,788.00 through July 15, 2014.

2. The Plaintiffs agree to accept installment payments in lieu of execution as payment in full, as provided in the Settlement Agreement attached as Exhibit 1 and incorporated by reference to this Order and Consent Judgment. The Settlement Agreement attached as Exhibit 1 provides for the ongoing payment of interest beyond July 15, 2014, as contained in the installments. Upon default of the installment payment plan as defined in the Settlement Agreement, the balance of the Consent Order and Judgment will be immediately due and owing, including the $10,066.67 in liquidated damages, conditionally waived upon the payment arrangements set forth in the Settlement Agreement.

3. Upon Defendants satisfying the terms of this Settlement Agreement and the Funds receipt of payment in full of amounts owed under this Settlement Agreement, the Funds will file a satisfaction of judgment.

4. In the event that Defendants defaults on the Settlement Agreement, the Funds may apply for attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2) for all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment;

5. This Order and Judgment is enforceable, without duplication, by the Fund or its agents.

BY THE COURT:

*Jan E. DuBois*
JAN DUBOIS             J.
United Stated District Judge

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 4 of 11 PageID: 6
Case 2:12-cv-00379-JD   Document 40-2   Filed 12/11/14   Page 4 of 11
Case 2:12-cv-00379-JD   Document 38-2   Filed 12/10/14   Page 1 of 7

## Settlement Agreement and General Release

Dated: September 15, 2014

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** is between the Pension Fund for Nursing Home and Health Care Employees – Philadelphia and Vicinity ("Pension Fund") and Philadelphia Hospital & Health Care – District 1199C Training and Upgrading Fund ("Training Fund") and District 1199C Legal Services Plan ("Legal Plan") (collectively "Funds") and Wyndmoor Care Center, LLC d/b/a Wyndmoor Hills Healthcare and Rehabilitation Center f/k/a Montgomery Rehab Center f/k/a Chestnut Hill Rehabilitation Center ("Wyndmoor"), and Carrington Place of Chestnut Hill, LLC d/b/a Springfield Residences ("Carrington") (collectively "Employers" or "Releasees") who mutually agree to be bound by all the terms and conditions hereof.

**WHEREAS**, Employers were signatory to a collective bargaining agreement with District 1199C, where Employers agreed to pay contributions to the Funds on behalf of bargaining unit employees of Employers;

**WHEREAS**, on January 25, 2012 the Funds commenced a lawsuit in the United States District Court for the Eastern District of Pennsylvania, docketed as Civil Action No. 12-00379 (hereinafter "Civil Action") against Employers for payment of outstanding contributions. An Amended Complaint was filed on June 6, 2012 seeking contributions for the period from July 2011 to April 2012 and all amounts owed during the pendency of the litigation;

**WHEREAS**, on October 17, 2012, Employers filed an Answer to the complaint and the parties proceeded with discovery, which encompassed a payroll audit of both facilities.

**WHEREAS**, an audit was conducted to determine the outstanding amount owed.

**WHEREAS**, the parties now deem it to be in their respective best interests to avoid the expense, inconvenience, distraction, uncertainties and burden of any further litigation, and instead to resolve all pending and potential issues and disputes between them and all claims that they may have against the other relating to the subject matter of the lawsuit, including, but in no way limited to, those differences embodied in the lawsuit as well as unasserted claims relating thereto;

Case 1:15-mc-00030-JHR Document 1-2 Filed 03/03/15 Page 5 of 11 PageID: 7
Case 2:12-cv-00379-JD Document 40-2 Filed 12/10/14 Page 5 of 11
Case 2:12-cv-00379-JD Document 38-2 Filed 12/10/14 Page 2 of 11

**WHEREAS**, the Funds considered and approved the Employers' settlement proposal at their individual Board of Trustees Meetings;

**NOW THEREFORE**, in consideration of the mutual promises contained in this Agreement, and intending to be legally bound thereby, the Funds and Employers agree as follows:

1. Consideration. The parties will enter into a Consent Order and Judgment hereto attached and incorporated by reference into this document.

2. In consideration for the agreements, representations, warranties, covenants, and assignments contained herein, and other good and valuable consideration, the sufficiency of which is expressly acknowledged by all parties to this Settlement and Release Agreement, the Funds release, acquits, and forever discharges Employers, from any and all Claims related to this Civil Action.

3. Employers to pay the contributions for the, Legal Fund, Pension Fund and the Training Fund for the period from July 1, 2011 to April 30, 2014 at a rate of $7,505.57 a month for eighteen (18) months beginning November 1, 2014. The amount will include the outstanding contributions owed of $100,667.48, interest through July 15, 2014 in the amount of $4,996.19, plus attorneys' fees and costs in the amount of $17,788.00 plus ongoing interest at the current "ERISA" interest rate of 3% compounded daily. As part of the settlement, the Funds agrees to conditionally waive $10,066.62 in liquidated damages. If the Employers default on this Settlement Agreement as provided for in Section 4, the Employers will not only be responsible for the outstanding amount owed under the payment plan but the $10,066.62 in liquidated damages Each Fund's principal contribution amount owed is listed below as well as the pro-rated amounts to be paid monthly as settlement

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 6 of 11 PageID: 8
Case 2:12-cv-00379-JD   Document 40-2   Filed 12/11/14   Page 6 of 11
Case 2:12-cv-00379-JD   Document 38-2   Filed 12/10/14   Page 6 of 7

| Fund | Contributions | Prorated Monthly Payment |
|---|---|---|
| Pension Fund | $48,549.05 | $3,640.21 |
| Training Fund | $33,630.72 | $2,514.36 |
| Legal Srvc Plan | $18,487.71 | $1,351.00 |
| | $100,667.48 | $7,505.57 |

Payments are to be mailed directly to each Fund office as listed below:

PENSION FUND:

Pamela Smith-Strite, Accounts Supervisor
Pension Fund for Nursing Home and
   Health Care Employees – Philadelphia and Vicinity
1319 Locust Street, 4th Floor
Philadelphia, PA 19107

Checks are to be made payable to the "Pension Fund for Nursing and Health Care Employees".

TRAINING FUND:

Elizabeth Hammond, Director of Finance
Philadelphia Hospital & Health Care
   District 1199C Training & Upgrading Fund
100 S. Broad Street, 10th Floor
Philadelphia, PA 19110

Checks are to be made payable to the "Philadelphia HHC District 1199C Training & Upgrading Fund".

LEGAL SERVICES PLAN:

Nicole Nicholas, Executive Director
District 1199C Legal Services Plan
1319 Locust Street, 4th Floor
Philadelphia, PA 19107

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 7 of 11 PageID: 9
Case 2:12-cv-00379-JB   Document 40-2   Filed 12/11/14   Page 4 of 11
Case 2:12-cv-00379-JB   Document 38-2   Filed 12/10/14   Page 4 of 11

Checks are to be made payable to the "District 1199C Legal Services Plan".

The Payment Plan Schedule is hereto attached as Appendix 1 and incorporated by reference to this Settlement Agreement.

4.  **Default and Remedy**

(a) In the event that any payment required hereunder is not received by any of the Funds within ten (10) business days after written notice of late payment is received by counsel of record for the Employers and the failure to cover said payment is not cured within ten (10) business days after written notice of said failure is received by Employers' counsel of record, a default shall occur.

(b) Upon default as defined in paragraph 4(a) this Settlement Agreement, the total amount will be due, plus $10,066.62 in liquidated damages that was conditionally waived based upon the Employers making full payment without default, minus credit given any payments made under the Settlement Agreement, plus i.e., "Total Balance". The Funds have the right to demand the balance owed and take further legal action to obtain a judgment on the Total Balance owed.

5.  **Prepayment**: There is no penalty for prepayment of amounts owed under this Settlement Agreement. In the event of a prepayment, the Fund will recalculate the installment payment amount over the balance and the parties will sign an addendum, reflecting the reduced amount. This Agreement shall not in any way be construed as an admission by any party of violation of any right of any other party. Releases, for itself as well as on behalf of its respective officers, directors, supervisors, employees, agents and representatives in both their official capacities, each expressly denies violating any rights of the Funds based on federal, state or local law pertaining to employment payment of wages, or on any other basis and they expressly deny any liability to the Funds. Accordingly, while this Agreement resolves all issues between the parties in relation to obligations to the Funds, this Agreement compromises disputed claim, and as such, is not an admission by any party as to the merits of such claims. This Agreement and its contents shall not be admissible in any proceedings as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

Case 1:15-mc-00030-JHR  Document 1-2  Filed 03/03/15  Page 8 of 11 PageID: 10
Case 2:12-cv-00379-JD  Document 40-2  Filed 12/11/14  Page 8 of 11
Case 2:12-cv-00379-JD  Document 38-2  Filed 12/10/14  Page 8 of 11

6. **General Release:** The Funds and the Union irrevocably and unconditionally release and forever discharges all claims described herein below.

(a). Subject only to the provisions contained herein, the Funds, on behalf of themselves, their heirs, estates, executors, administrators, representatives, agents, officers, attorneys and assigns ("Releasors"), do fully and forever release and discharge Releasees, its heirs, estates, executors, administrators, representatives, agents, officers, attorneys, employees, affiliates and assigns from all actions, claims, demands, losses, expenses, obligations and liabilities related to any conduct or activity occurring on or before the date of this General Release whether known or unknown, including, but not limited to: (i) any claims relating to or arising out of a collective bargaining relationship or agreement, trust agreement or any other asserted agreement or understanding between the parties; any alleged violation of any federal, state or municipal statute, regulation, order, rule or legal authority including, without limitation, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq.; The National Labor Relations Act, as amended; 29 U.S.C. § 141 et seq.; The Labor Management Reporting and Disclosure Act, as amended, 29 U.S.C. §§ 401 et seq; (iii) and any and all claims for attorneys' fees, punitive, exemplary or statutory damages, except that this waiver does not apply to any obligations or remedies set forth in this Agreement.

7. **Full Payment** Upon full payment as discussed in paragraph 3 supra, counsel for the respective parties hereto shall execute a Stipulation of Dismissal with Prejudice of the aforesaid Civil Action No. 12-00379 which stipulation shall be filed with the Court.

8. **Certification** The signatory representatives of the parties hereby certify that they have read the terms of this Settlement and Release Agreement, that they have had an opportunity to discuss it with their attorneys and that they understand its terms and effects.

**WHEREFORE, INTENDING TO BE LEGALLY BOUND HEREBY,** the parties hereto having read all the foregoing, understanding the same and agreeing to all of the provision contained herein, set their hands and seals hereto as of the date first above written:

WITNESS:                            PENSION FUND FOR NURSING HOME AND
                                    HEALTH CARE EMPLOYEES –
                                    PHILADELPHIA AND VICINITY

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 9 of 11 PageID: 11
Case 2:12-cv-00379-JD   Document 40-2   Filed 12/11/14   Page 9 of 11
Case 2:12-cv-00379-JD   Document 38-2   Filed 12/10/14   Page 6 of 7

BY: *[signature: Henry V. Nichols]*

WITNESS:

_____

PHILADELPHIA HOSPITAL AND HEALTH CARE- DISTRICT 1199C TRAINING AND UPGRADING FUND

BY: *[signature]*

_____

WITNESS:

DISTRICT 1199C LEGAL SERVICES PLAN

BY: *[signature]*

_____

WYNDMOOR CARE CENTER, LLC d/b/a WYNDMOOR HILLS HEALTHCARE AND REHABILITATION CENTER

ATTEST:

_____
Corporate Secretary
Place Corporate Seal Here

BY: *[signature]*

ATTEST:

CARRINGTON PLACE OF CHESTNUT HILL LLC f/k/a SPRINGFIELD RESIDENCE

_____
Corporate Secretary

BY: *[signature]*

Case 1:15-mc-00030-JHR   Document 1-2   Filed 03/03/15   Page 10 of 11 PageID: 12
Case 2:12-cv-00379-JD   Document 40   Filed 12/11/14   Page 10 of 11
Case 2:12-cv-00379-JD   Document 38-2   Filed 12/10/14   Page 7 of 7

Place Corporate Seal Here

Case 1:15-mc-00030-JHR Document 1-2 Filed 03/03/15 Page 11 of 11 PageID: 13
Case 2:12-cv-00379-JD Document 40 Filed 12/11/14 Page 11 of 11
Case 2:12-cv-00379-JD Document 38 Filed 12/10/14 Page 1 of 11

IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA HOSPITAL & HEALTH CARE EMPLOYEES-DISTRICT 1199C TRAINING AND UPGRADING FUND AND CHERYL FELDMAN, et al. | : CIVIL ACTION<br>: NO. 12-0379-JD |
| Plaintiffs | : |
| v. | : |
| CARRINGTON PLACE OF CHESTNUT HILL, LLC f/k/a SPRINGFIELD RESIDENCE, et al. | : |

## STIPULATION FOR ENTRY OF
## ORDER AND CONSENT JUDGMENT

It is hereby stipulated agreed by and between Plaintiffs and Defendants, by their respective counsel, that the attached Order and Consent Judgment may be entered without further notice or hearing.

SUSAN A. MURRAY, ESQUIRE
Freedman and Lorry, P.C.
1601 Market Street
Suite 1500
Philadelphia, PA 19103
215-931-2506
Attorneys for Plaintiffs

Dated: 12/10/14

AARON C. SCHLESINGER, ESQUIRE
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
201-343-3434
Attorneys for Defendants

Dated: 12/10/14